616 A.2d 203

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**William T. McCALL t/a Crown Distributing Co., Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 1992.

Decided Oct. 19, 1992.

Thomas Ballaron, for appellant.

Edward S. Finkelstein, for appellee.

Before CRAIG, President Judge, PELLEGRINI, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau) appeals the order of the Cumberland County Court of Common Pleas that affirmed the Pennsylvania Liquor Control Board's (PLCB) disallowance of the fine

imposed upon William T. McCall, t/a Crown Distributing Co. (Licensee).

Licensee, a beer retailer, is a regular customer of W & L Beer Distributors (W & L), a wholesaler, licensed by the PLCB. W & L wanted to sell beer to the American Legion Post (Legion) in Carlisle. However, the Legion is open only on weekends and W & L does not make weekend deliveries. W & L asked Licensee to deliver beer to the Legion for W & L. In exchange, W & L only charged Licensee the wholesale price for beer delivered to the Legion. W & L paid Licensee separately for the delivery. There was no showing that Licensee's charge increased purchases from W & L. Further, the Licensee continued to sell and deliver beer to the Legion after the payment of delivery fees was discontinued. The Bureau cited Licensee for accepting four checks (August 29, September 2, 23, October 7, 1988) in the total amount of $96.86 in violation of Section 4-493(22) of the Liquor Code.[1] This Section provides that it shall be unlawful:

> for any licensee, or his servants, agents or employees, to offer, pay, make or allow, or for any licensee, or his servants, agents or employees, to solicit or receive any allowance or rebates, refunds or concessions, whether in the form of money or otherwise, to *induce directly* the purchase of liquor or malt or brewed beverages. (Emphasis added.)

The Administrative Law Judge (ALJ) agreed, holding that checks for delivery represented "rebates" or "concessions" in violation of Section 4-493(22). The PLCB reversed. The Bureau appealed to the trial court which affirmed the PLCB.

On appeal to this court,[2] the Bureau argues that the trial court erred in affirming the PLCB because the ALJ's findings of fact that the checks were "rebates" or "concessions" was supported by substantial evidence and that therefore, the PLCB was without authority to reverse this finding.

---

1. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. § 4-493(22).

2. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether the adjudication was in accordance with the law, and whether the agency's findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

While the ALJ found that the Licensee had accepted checks from W & L, the PLCB found no evidence that the checks were a "direct inducement," as required by Section 4-493(22). The PLCB held that this transaction was too attenuated to rise to the level of direct inducement especially considering that Section 4-493(22) had been amended on March 9, 1982, P.L. 174, which specifically added the word "directly" after "induce." We agree.

With the passage of Act 55, the Legislature obviously intended to restrict the prohibition of Section 4-493(22) to forbid payments, rebates and concessions that would *directly induce* the purchase or sale of alcoholic beverages. Our review of the record does not so find that the checks for delivery "directly induced" Licensee to purchase liquor in violation of Section 4-493(22).

Accordingly, we affirm.

## ORDER

AND NOW, this 19th day of October, 1992, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is hereby affirmed.

This matter was argued before a panel consisting of McGINLEY and PELLEGRINI, JJ., and NARICK, Senior Judge. Because McGINLEY, J., recused himself during oral argument, the case was submitted on briefs to CRAIG, President Judge, for his consideration as a member of the panel.

PELLEGRINI, J., dissents.